IN the MATTER OF DISCIPLINARY PROCEEDINGS AGAINST
Robert J. PARENT, Attorney at Law:

OFFICE OF LAWYER REGULATION, Complainant,

v.

Robert J. PARENT, Respondent.

Supreme Court

*No. 03–2506–D. Decided October 21, 2003.*

2003 WI 134

(Also reported in 670 N.W.2d 541.)

The Court entered the following order on this date:

Attorney Robert J. Parent has filed a petition for consensual license revocation under SCR 22.19(3). He was admitted to practice law in Wisconsin in 1982 but his license was suspended on October 31, 2002 for failure to pay State Bar dues; on November 12, 2002, by order of this court, for willful failure to respond or cooperate in an Office of Lawyer Regulation (OLR) grievance investigation and because his continued practice of law was a threat to the public and to the administration of justice; and on June 2, 2003 for failure to comply with continuing legal education reporting requirements.

OLR is currently investigating Parent in fifteen matters. The primary matter involves a federal criminal conviction for depositing a forged check, for which he is currently incarcerated in a federal prison facility. The other allegations concern: (1) his cash withdrawals from a representative payee account; (2) multiple instances of his lack of diligence and failure to communicate with his clients on the closing of his office; (3) multiple instances of his failure to either return his client files or advance payments of fees; and, (4) multiple instances of his lack of cooperation with OLR grievance investigations.

In his petition, Parent acknowledges that he cannot successfully defend himself against these allegations of professional misconduct, that he is aware of his right to a formal hearing and his opportunity to defend against these allegations, and that he voluntarily waives the right to such a formal hearing.

OLR has responded and recommends that the petition be granted.

IT IS ORDERED that the petition for consensual license revocation of Attorney Robert J. Parent is granted. The revocation of his license to practice law in

Wisconsin shall be effective on the date of this order. To the extent he has not already done so, he must comply with SCR 22.26 relating to activities following license revocation.